UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30655
_____

ERROL KIGER,

Plaintiff-Appellant,

VERSUS

DOUCET & ADAMS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-1915-T)
_____

February 9, 2000

Before POLITZ and DAVIS, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:[**]

Appellant, Errol Kiger, appeals the judgment of the district court entered in favor of the appellee, Doucet & Adams, Inc. ("D&A"). Kiger contends that the district court erred in failing to find D&A negligent *per se* based on violations of U.S. Army Corps of Engineers' safety regulations. On June 5, 1996, Kiger filed suit pursuant to the Jones Act, 46 U.S.C. §688 (1994). Following a non-jury trial, on May 15, 1998, the district court entered judgment in favor of D&A.

_____

[*] Judge, U.S. Court of International Trade, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**FACTS**

On December 31, 1995, Kiger, an employee of D&A, sustained injuries while working as a seaman on the vessel M/V DAD. The vessel was chartered to Great Lakes Dredge & Dock Co., which in turn was under contract to the Corps of Engineers. The vessel underwent two separate inspections approximately two weeks prior to the accident, both of which determined that the M/V DAD was safe and fit, and met the Corps' safety standards.

At the time of the accident, Kiger was attempting to descend a ladder from the fidley deck to the engine room. His foot caught a lip at the top of the stair-ladder to the engine room and he fell, sustaining injuries to his lower back, neck, knee and left arm. The lip is a common feature on boats, designed to divert water from running over the deck onto the engines.

**DISCUSSION**

**I.**

D&A contends that Kiger's appeal should be dismissed without consideration of the merits. Specifically, D&A notes that Kiger failed to enter into evidence the U.S. Army Corps of Engineers Safety and Health Requirements manual, U.S. Army Corps of Engineers Safety and Health Requirements, Manual No. 385-1-1 (1996), on which he relies. D&A also argues that Kiger failed to file the entire record as required by Rule 10(b)(2). FED. R. APP. P. 10(b)(2).

Whether or not the Corps Manual was placed in evidence in the district court, it was discussed by the court and we take judicial notice of it as a public document. See Lovelace v.

<u>Software Spectrum Inc.</u>, 78 F.3d 1015, 1018 (5th Cir. 1996) (judicial notice taken of public disclosure documents filed with the SEC in securities fraud claim). As in <u>Lovelace</u>, judicial notice is appropriate to determine simply what the document contains.

Aside from the Corps Manual, the only evidence that D&A alleges is necessary and missing from the record on appeal is the testimony of Cory Kief and Arthur Sargent. Their testimony is not relevant to the issue on appeal, nor has D&A provided any indication of prejudice due to the exclusion of such testimony. None of the other issues raised by D&A require dismissal, and we decline to exercise our discretion to dismiss the appeal.

**II.**

Kiger contends that the trial court erred in failing to find D&A negligent *per se* based on alleged violations of the Corps' safety regulations pertaining to tripping hazards on vessels. We need not reach the issue of the applicability of negligence *per se* principles to this case.

The district court's decision is affirmed because there was no violation of the Corps Manual. Kiger cites to section 19.B.01(a) of the Corps Manual, which states that "[a]ll means of access shall be properly secured, guarded, and maintained free of slipping and tripping hazards." <u>Corps Manual</u> §19.B.01(a) at 330. Kiger ignores the reference contained in section 19.B.01(a) to section 21 which sets forth the requirements for Safe Access and Fall Protection. <u>Id.</u> § 21 at 351-382. Section 21.A.13(c) provides that "[a]ll obstructions or projections into an

-3-

accessway shall be removed or conspicuously marked." Id. §
21.A.13(c) at 355. Furthermore, section 19.A.07(i), which
provides for general safe practices on floating plants, and which
specifically contemplates nonmoveable obstructions, such as the
lip, states that "[p]rojection and tripping hazards shall be
removed, identified with warning signs, or <u>distinctly marked with
safety yellow.</u>" <u>Id.</u> § 19.A.07(i) at 328 (emphasis added). The
lip over which Kiger fell was painted bright yellow in compliance
with these sections of the Corps Manual. <u>Kiger v. Doucet &
Adams, Inc.</u>, 1998 WL 249221, at *2 ¶ 9 . Therefore, there was no
violation of the Corps Manual.

## CONCLUSION

Kiger's contention that the trial court erred in failing to
find D&A negligent *per se* based on alleged violations of the
Corps Manual pertaining to tripping hazards is rejected.
Judgment for defendant is affirmed.